## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF POSTAL
SUPERVISORS,

     Plaintiff,

v.

                             Case No. 1:19-cv-2236 (RCL)

UNITED STATES POSTAL SERVICE,

     Defendant.

## PROPOSED INTERVENOR, UNITED POSTMASTERS
## AND MANAGERS OF AMERICA,
## MOTION TO DISMISS COUNT V
## OF THE COMPLAINT

[Proposed] Intervenor, United Postmaster's and Managers of America move this Court pursuant to Rule 12(b)(6) to dismiss Count V of the Complaint. The grounds for this motion are more fully set forth in the accompany memorandum.

Respectfully submitted,

Jonathan W. Greenbaum
COBURN & GREENBAUM, PLLC
Second Floor
1710 Rhode Island Avenue, NW
Washington, DC 20036
Telephone No.: 202.744.5003
Facsimile No.: 866.561.9712
Email: jg@coburngreenbaum.com

cc:    All Counsel via ECF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL ASSOCIATION OF POSTAL
SUPERVISORS,

     Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

     Defendant.

Case No. 1:19-cv-2236 (RCL)

**[PROPOSED] MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF [PROPOSED]**
**INTERVENOR'S MOTION TO DISMISS**
**COUNT V OF THE COMPLAINT**

Intervenor, United Postmasters and Managers of America ("UPMA")[1] hereby submits its

Memorandum in Support of its Motion to Dismiss Count V of the Complaint filed by the National

Association of Postal Supervisors ("NAPS").

**I.    Background – Count V Of The Complaint.**

NAPS alleges that it is a "recognized" organization of supervisory personnel employed by

the United States Postal Service ("USPS").   Complt. ¶ 2, ¶ 109 (NAPS "is a supervisory

organization that represents a majority of supervisors").   According to the Complaint NAPS

represents approximately 27,000 active and retired USPS managers, supervisors, postmasters, and

other professionals.[2]   NAPS is not recognized by the USPS to represent postmasters - - as it

represents supervisors in pay consultations.   NAPS alleges that an October 1, 2018 it requested

that USPS recognize NAPS as a representative of postmasters.   Complt. ¶ 78.   The Complaint

---

[1] Concurrent with this filing UPMA has filed a Motion to Intervene.

[2] Intervenor is a recognized Postmaster organization.   USPS has 8,979 Postmaster members, and according to the Complaint, Intervenor (UPMA), represents the highest share of postmasters in the country.

alleges that USPS responded that it could not lawfully recognize NAPS as a representative of postmasters in addition to supervisors.  Complt. ¶ 79.

In Count V of the Complaint NAPS is challenging the USPS' refusal to recognize NAPS as a representative of postmasters when it is recognized as a representative of supervisors.  Complt. ¶'s 107-115.  NAPS seek a declaration that USPS has violated the Postal Reorganization Act, 39. U.S.C § 1004(b), by refusing to recognize NAPS as a representative of Postmasters and an injunction requiring USPS to recognize NAPS as a representative of postmasters who are active members of NAPS.

## II.   **ARGUMENT.**

Count V of the Complaint fails to state a claim upon which relief can be granted.  Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) test the sufficiency of the Complaint.  A Complaint must contain sufficient factual matter, taken as true, to "state a claim to relief that is plausible on its face".  *Ashcroft v. Iqbel,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 566 (2007).

By acknowledging in the Complaint that NAPS is a recognized supervisory organization by USPS, Count V fails to state a claim that USPS violated the Postal Reorganization Act, 39 U.S.C. § 1004(b), by failing to recognize NAPS as a postmaster organization (in addition to a supervisor organization).  The Postal Reorganization Act, 39 U.S.C. § 1004(b) is explicit on this point with respect to the representation of postmasters.  The Act states, in part:

> Upon presentation of evidence satisfactory to the Postal Service . . . that an organization (**other than an organization representing supervisors**) represents at least 20 percent of **postmasters**, ..., such organization or organizations shall be entitled to participate directly in the planning and development of pay policies and schedules, fringe benefit programs, and other programs relating to supervisory and other managerial employees.

39 U.S.C. § 1004 (b) (emphasis added).  NAPS, as a recognized supervisor organization, is prohibited by 39 U.S.C. § 1004 (b) from also representing postmasters in pay consultations.  To represent postmasters an organization cannot also represent supervisors in pay consultations.  The language, "other than an organization representing supervisors"; precludes NAPS by law from representing postmasters in pay consultations with USPS.

The Postmasters Equity Act highlighted the distinction between a postmaster and supervisor.  See S. Rep. No. 108-86 (2003).  "Postmaster" is defined as "an individual who is the manager in charge of the operations of a post office, with or without the assistance of subordinate managers or supervisors."  29 U.S.C. § 1004(i)(4).  Conversely,"[m]embers of the supervisors organization means employees of the Postal Service who are recognized under an agreement between the Postal Service and the supervisor's organization as represented by such organization".  39 U.S.C. § 1004(i)(2).  NAPS alleges and acknowledges in the Complaint that it is such a supervisors' organization.  The postmaster title and job provide postmasters with the responsibility to manage a group of supervisors, managers and other employees and to ensure their postal operation runs efficiently.  The Postal Reorganization Act, its legislative history, as well as established practice recognize the distinct and separate status of supervisor and postmaster organizations.  Two groups consult with USPS separately, under established law.

## III.   **CONCLUSION**

For all the foregoing reasons Count V of the Complaint must be Dismissed.

Respectfully submitted,

Jonathan W. Greenbaum
COBURN & GREENBAUM, PLLC
Second Floor

3

1710 Rhode Island Avenue, NW
Washington, DC  20036
Telephone No.:  202.744.5003
Facsimile No.:  866.561.9712
Email:  jg@coburngreenbaum.com

cc:     All Counsel via ECF