IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF POSTAL SUPERVISORS,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No. 1:19-cv-2236 (RCL)

**INTERVENOR, UNITED POSTMASTERS
AND MANAGERS OF AMERICA REPLY BRIEF**

Intervenor, United Postmasters and Managers of America ("UPMA") hereby submits its reply to Plaintiff, National Association of Postal Supervisors ("NAPS") opposition to the Motion to Dismiss filed by Defendant, U.S. Postal Service ("Postal Service"). Intervenor has intervened solely with respect to Count V of the Complaint.

The central issue with NAPS' Opposition is that it ignores the plain language of the Postal Reorganization Act, 39 U.S.C. § 1004 (b). Under the explicit language of the Act, NAPS is precluded from representing postmasters in pay consultations because it is an "organization representing supervisors."[1] In its Complaint NAPS admits, as it must, that it is recognized by the Postal Service as a supervisor's organization. NAPS appears to conflate "membership" in an organization and statutory recognition for "representation" in pay consultations with the Postal Service. That NAPs has members in its organization that are postmasters is of no consequence to 39 U.S.C. § 1004 (b), because it is recognized by the Postal Service as an organization representing

---

[1] Under the Act, an organization (**other than** an organization representing supervisors) that represents at least 20% of postmasters shall be entitled to participate in pay consultations with the Postal Service. The Postal service must reorganize such organization as a representative of such postmasters. 39 U.S.C. § 1004 (b).

supervisors in such pay consultations. UPMA likewise has members who are supervisors/managers but it is recognized by the Postal Service as an organization representing postmasters and, as such, does not represent supervisors in pay consultants with the Postal Service. The majority UPMA members are postmasters. The majority of NAPS' members happen to be supervisors. "Membership" as used in NAPS' opposition (p. 22) is inapposite to the applicability of 1004(b). The Act does not limit membership in an organization, nor can it, as NAPS suggests in its Opposition. NAPS Opp. At 22 ("no language in the statute limits membership of a supervisory organization"). To be sure, the Postal Service does not approve whether any individual may join NAPS as a member. The Act addresses representation in pay consultations with the Postal Service for certain employees, not membership in the organization.[2] In order to represent either supervisors, managers or postmasters in pay consultations with the Postal Service, the organization must be recognized by the Postal Service as meeting the criteria set forth in Section 1004(b). NAPS does not meet this criteria since it is recognized as an organization repeating supervisors in pay consultations with the Postal Service.

NAPS also incorrectly asserts that postmasters are a "subcategory" of "supervisory and managerial employees." Again, however, this is not what the Act says. A postmaster has a specific definition in the Act. A "postmaster" means "an individual who is a manager in charge of the operations of a post office, with or without the assistance of subordinate managers or supervisors" 39 U.S.C. § 1004 (i)(3). As such, postmasters are not a subset of managers or supervisors under the Act. Conversely, "members of a supervisor's organization" are "employees of the Postal Service who are recognized under an agreement between the Postal Service and the supervisors' organization as represented by such organization." 39 U.S.C. § 1004(i)(2). Supervisors'

---

[2] The organizations charter or by-laws would dictate who is eligible for membership in the organization/association, but that is solely within the organizations authority.

2

organization means "the organization recognized by the Postal Service under subsection (b) of this Section as representing a majority of supervisors." 39 U.S.C. § 1004(i)(1).

The Postal Reorganization Act ensured that **postmasters** and postmasters' organization are afforded the same rights as are afforded supervisors and the supervisor's organization. 39 U.S.C. § 1004 (h). Thus, congress explicitly differentiated between supervisors and postmasters and the respective representation rights of such organizations. Postmasters are not a subcategory of supervisory and managerial employees under the Act.

Wherefore, for the foregoing reasons Count V of the Complaint should be dismissed.

Respectfully submitted,

_____
Jonathan W. Greenbaum
COBURN & GREENBAUM, PLLC
Second Floor
1710 Rhode Island Avenue, NW
Washington, DC 20036
Telephone: (202) 744.5003
Facsimile: (866) 561-9712
Email: jg@coburngreenbaum.com

Counsel for Intervenor, United Postmasters and Managers of America

cc: All Counsel via ECF